In the Matter of ARNE SIEGEL, Appellant, v. JAMES E. ALLEN, JR., as Commissioner of Education of the State of New York, et al., Respondents. — HERLIHY, J. This is an appeal by the petitioner from an order which denied petitioner's motion for summary judgment in an article 78 proceeding. The petitioner is seeking to have the respondents directed to issue him a certificate as a certified public accountant (hereinafter referred to as C. P. A.). The petitioner has concededly duly passed all examinations required. The

facts are important for a proper understanding of the petitioner's status. In 1950 the regulations permitted an applicant to take examinations in Theory of Accounts, Commercial Law and Auditing as soon as he completed his course of study, but required that he have three years of experience before taking the examination in Practical Accounting. Petitioner took the examination in the first three subjects in 1950 and received a passing grade. In 1962, the term "Practical Accounting" was replaced by "Accounting Problems". In 1963 the regulations were changed to require the three years' experience before the examination in Auditing and to remove the experience requirement for the test in Accounting Problems. If an applicant had passed any or all of the examinations under prior regulations he was given credit for such examination and permitted to obtain his experience subsequent to the examination, instead of before as provided in the new regulation. In 1963 petitioner took and passed the Accounting Problems examination, but he was refused a license on the ground that he has not had three years of practical experience and this is the nub of the present controversy. Subdivision 2 of section 7403 of the Education Law provides in part as follows: "2. An individual shall not be eligible to apply for a certificate as certified public accountant unless * * * (c) * * * (i) has the *professional experience* required by the regulations of the commissioner *and* passes the examination required by the department" (emphasis added). It is quite obvious that this section on its face presupposes a professional experience requirement. However, there is no mandate that a candidate possess any experience. The Commissioner's regulations as to "Public Accounting" are set forth in 8 NYCRR Part 70. Section 70.1 is headed "Education requirements" and contains no reference to experience except as experience may be accepted in lieu of examination. Section 70.2 is headed "Experience requirement". This section provides that a candidate shall be entitled to admission to the group II subjects of the examination upon presentation of evidence of certain experience and that such evidence shall be submitted 90 days prior to the date of the examination. The only subject in group II appears in section 70.3 as "auditing". Section 70.3 also provides that no applicant shall be admitted to the auditing examination until his experience has been approved, unless he had previously taken the examination under prior regulations. Further, this section provides in subdivision (g) as follows: "To be eligible to receive the certificate of certified public accountant, an applicant must have fulfilled requirements as to education and *experience* and must have passed all subjects of the examination" (emphasis added). The remaining section contains no language which has a bearing on the issue here. As in the Education Law cited above, it is apparent that the Commissioner in subdivision (g) of section 70.3 has presupposed an experience requirement prior to the issuance of a certificate. Section 70.2 requires experience as a prerequisite to an examination. Section 70.3 expressly waives the experience requirement for admission to auditing where the examination had been previously taken. However, as quoted above, the subsequent subdivision (g) refers to an experience requirement as a prerequisite to a certificate. While the language of subdivision (g) is subject to some doubt as generally requiring experience, it seems that interpreting this clause as requiring the experience otherwise required for an examination as a prerequisite to a certificate is not unreasonable. It appears that subdivision (g) of section 70.3 sets forth that three requirements must be met prior to the issuance of a certificate: 1. "education" 2. "experience" 3. "and must have passed all subjects of the examination." If experience were to be interpreted as solely relating to being able to take an examination, the requirement of experience would be unnecessary since the requirements included

the passing of all examinations. The same reasoning would also apply to education since the educational requirements also are set forth as limitations on the right to take examinations. Accordingly, it appears that the regulations state that there is an experience requirement separate from the examination. Since the only experience set forth is that specified in regard to examinations, this must be the experience referred to and the waiver in regard to examinations is not a waiver of the general experience requirement. Order affirmed, without costs. Gibson, P. J., Reynolds and Staley, Jr., JJ., concur; Taylor, J., not voting.